UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SAFRON HUOT | CIVIL ACTION NO. 6:17-CV-0955 |
| VS. | JUDGE REBECCA F. DOHERTY |
| MT STATE DEPT. OF CHILD & FAMILY SERVICES | MAGISTRATE JUDGE PATRICK J. HANNA |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Safron Huot filed the instant complaint on July 12, 2017. Plaintiff, a citizen of Montana, asserts claims that evidently arise out of child custody matters conducted in Montana state courts, against the following defendants: (1) MT State Dept of Child & Family Services; (2) MT Supreme Court; (3) Deer Lodge County MT District Court; (4) Ray Dayon; (5) Cal Boyal; (6) Cindy Johnson; (7) Deer Lodge Medical Center; (8) Wayne R. Martin; (9) Susanne M. Clague; (10) Ben Krakowka; (11) Susan Day; (12) Dave Fenchak; (13) Mary Jo Fortner; and (14) Roger Fortner, all Montana residents. [Rec. Doc. 1, pp. 1-4] Plaintiff asserts that her lawsuit involves a "federal question" [*Id*. at 4], yet enumerates twelve claims related to the judicial termination of her parental rights. Plaintiff asserts that she has filed or attempted to file her lawsuit in fifty other federal district courts throughout the country. [Rec. Doc. 1-3]

*Law and Analysis*

Under 28 U.S.C. § 1915(e)(2), the court may dismiss a case if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Additionally, the court is required to dismiss an action if the court determines it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

This Court lacks subject matter jurisdiction over Plaintiff's lawsuit. "[F]ederal courts are

duty-bound to examine the basis of subject matter jurisdiction *sua sponte*." *See Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). *See also In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999) ("Federal courts must be assured of their subject matter jurisdiction at all times and may question it *sua sponte* at any stage of judicial proceedings."). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In this case, Plaintiff has failed to identify any specific cause of action that would allow the Court to exercise federal question jurisdiction over her lawsuit.

A federal court also has subject matter jurisdiction over civil cases in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. § 1332. Because Plaintiff identifies herself and each defendant as citizens of Montana, diversity jurisdiction is lacking.

Even if the Court retained subject matter jurisdiction over plaintiff's lawsuit, dismissal is appropriate pursuant to 28 U.S.C. § 1406(a) for improper venue. Pursuant to 28 U.S.C. § 1391(b):

A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject

to the court's personal jurisdiction with respect to such action.

Given that plaintiff is a resident of Montana, each defendant is a resident of Montana and the subject matter of the complaint took place in Montana, the proper venue for Plaintiff's action is the District of Montana.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). Because the action is already pending in Montana, *Huot v. Montana State Dep't of Child and Family Services, et al.*, Case No. 2:17-cv-00045 (D. Mont. Jul. 12, 2017), transfer would serve no purpose.[1] Accordingly, dismissal is appropriate.

*Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED THAT** plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Rec. Doc. 3], Motion to Appoint Counsel [Rec. Doc. 4] and Motion to Set Aside Adoption and Reinstate Full Parental Rights [Rec. Doc. 5] be **DENIED** as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to

---

[1] In addition, a PACER Case Locator search reveals that other district courts have transferred plaintiff's complaint to the Montana district court. *See* https://pcl.uscourts.gov/search (Search under party name "Safron Huot").

file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette, Louisiana September 18, 2017.

                                                                                    _____
                                                                                    PATRICK J. HANNA
                                                                                    UNITED STATES MAGISTRATE JUDGE